PATRICK M. MAYNARD *v.* STATE OF ARKANSAS

CR 73-61                                   496 S.W. 2d 427

Opinion delivered July 9, 1973

*William C. McArthur,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Charles A. Banks,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted of robbery and on appeal the conviction was affirmed. Thereafter we granted appellant permission to proceed in the trial court under Rule I. That hearing was restricted to two points, (1) that he was denied compulsory process for his witnesses, and (2) that he was refused the right to testify.

Before discussing the two recited points, we will dispose of appellant's charge that the Rule I hearing did not meet the basic requirements of due process because his subpoenaed witnesses were unduly restricted and the judge conducting the hearing was prejudiced against ap-

pellant. Neither allegation has merit. Appellant subpoenaed a host of witnesses, so many as to cause the court to inquire of the nature of their testimony. Appellant replied that the witnesses would testify that they were present at the trial and heard certain remarks by the court and his counsel which would establish that the court was prejudiced against him at the time. In the first place, that allegation was not included in the two items which this court enumerated to be developed at the Rule I hearing. The court therefore did not abuse its discretion in denying appellant the right to call the witnesses. In the second place, the court categorically denied having made the statement attributed to him, and the trial judge was corroborated by appellant's trial counsel.

Appellant's next complaint is that he was denied compulsory process for his trial witnesses. After hearing the testimony of two witnesses called by appellant, a court clerk and a deputy sheriff, appellant's counsel agreed that insofar as the records disclosed, there were no requests for defense witnesses which were refused. Attorney Floyd Lofton, called by appellant as a witness at the Rule I hearing, testified unequivocally that appellant was not denied any witness. Mr. Lofton represented appellant in the trial of the case.

Nor do we find any merit in petitioner's allegation that he was refused the right to testify at the trial. Attorney Lofton testified "that Mr. Maynard expressly in writing approved of every step and phase of the trial as it was conducted. Including his not wanting to testify . . . He also approved and made no objections to the list of witnesses that were subpoenaed". Petitioner did not testify at the Rule I hearing. He candidly stated that "the only thing I'm interested in is exhausting the state remedies at this time".

Affirmed.